IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALEXANDRA JEWSEVSKYJ, *on behalf of herself and all others similarly situated,*<br><br>    Plaintiff,<br><br>  v.<br><br>FINANCIAL RECOVERY SERVICES, INC., et al.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 15-3041 |

## OPINION

### I. Introduction

Plaintiff Alexandra Jewsevskyj brings this action on behalf of herself and others similarly situated against Defendants Financial Recovery Services, Inc., LVNV Funding, Inc., Resurgent Capital Services, L.P., and Alegis Group, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[1]   (Doc. No. 2.)   Each party moved for summary judgment on the issue of liability under the FDCPA.   (Doc. Nos. 29-33.)   For reasons that follow, the Court will grant Defendants' Motion for Summary Judgment (Doc. No. 29) and will deny Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 31).

---

[1] Financial Recovery Services is a debt collection agency which was used to collect the debt Plaintiff allegedly owed to LVNV Funding, Inc. (Doc. No. 1 at ¶¶ 7, 19-24.) LVNV Funding, Inc. is a corporation which purchases portfolios of consumer debt. (Doc. No. 2 at ¶ 11.) Resurgent Capital Services, L.P. is a licensed debt collector. (Id. at ¶ 12.) LVNV Funding, Inc. and Resurgent Capital Services, L.P. are under common ownership and management. (Id. at ¶ 13.)   Alegis Group, LLC is the general partner of Resurgent Capital Services, L.P. Consequently, all acts of Resurgent Capital Services, L.P. are chargeable to it. (Id. at ¶ 16.)   In sum, Plaintiff alleges that all related corporations to LVNV Funding, Inc. can be held vicariously liable for the services that Financial Recovery Services provided to it, including Financial Recovery Services's attempt to collect the debt at issue in this case. (Id. at ¶ 25.)

## II.  Factual Background and Procedural History

Plaintiff Alexandra Jewsevskyj is a consumer who resides in Philadelphia, Pennsylvania. (Doc. No. 2 at ¶ 6.)  Defendant Financial Recovery Services, Inc. is a Minnesota collection agency and is a "debt collector" under the FDCPA.  (Id. at ¶¶ 7, 21.)  On January 15, 2015, Financial Recovery Services sent a letter to Jewsevskyj in an attempt to collect a debt that she owed to LVNV Funding, Inc.  (Id. at ¶ 24.)  The collection letter contains a notice with information about the alleged debt.[2]  It states, in relevant part:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  THE OPPORTUNITIES LISTED ABOVE DO NOT AFFECT YOUR RIGHTS DESCRIBED BELOW.

(Ex. A.)  The notice is included on the front page of the collection letter in the main body of text. (Id.)  It is the second full paragraph of the letter, is written in all capital letters, and is in the same font, size, and style as other main paragraphs of the collection letter.  (Id.)

In her Complaint, Plaintiff alleges that the collection letter violates § 1692g of the FDCPA, which requires that a debt collector provide a consumer with a "validation notice" containing certain information about the consumer's rights.  (Doc. No. 2 at ¶ 46.)  Plaintiff claims that the collection letter fails to effectively provide her with the statutory notice.  (Id.)

---

[2]  The debt collection letter is attached to this Opinion as Exhibit A.

Defendants filed a motion for summary judgment, asserting that they had no liability under the FDCPA. (Doc. No. 29.) In response, Plaintiff filed a cross-motion for summary judgment, contending that liability was warranted. (Doc. No. 30.) The cross-motions for summary judgment are now ripe for review.

## III. Standard of Review

Granting summary judgment is an extraordinary remedy. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this decision, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the non-moving party. Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. Doe v. Luzerne Cty., 660 F.3d 169, 175 (3d Cir. 2011) (citing Gray v. York Papers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-49.

In deciding a motion for summary judgment, the Court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party. Macfarlan, 675 F.3d at 271; Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir.

2009).   Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the non-moving party's evidence over that presented by the moving party.  <u>Anderson</u>, 477 U.S. at 255.  If there is no factual issue and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party.  <u>Id.</u> at 250.

The guidelines governing summary judgment are identical when addressing cross-motions for summary judgment.  <u>See</u> <u>Lawrence v. City of Philadelphia</u>, 527 F.3d 299, 310 (3d Cir. 2008).  When confronted with cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."  <u>Schlegel v. Life Ins. Co. of N. Am.</u>, 269 F. Supp. 2d 612, 615 n.1 (E.D. Pa. 2003) (alteration in original) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2720 (3d ed. 1998)).  If review of the "cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts."  <u>Transguard Ins. Co. of Am. v. Hinchey</u>, 464 F. Supp. 2d 425, 430 (M.D. Pa. 2006) (citing Iberia Foods Corp. v. Romeo, 150 F.3d 298, 302 (3d Cir.1998)).  Here, the parties have stipulated to the relevant facts as to liability.  (<u>See</u> Doc. No. 29 at 3.)  Only a question of law remains.  Because no material facts are in dispute, resolution of the parties' cross-motions for summary judgment as a matter of law is appropriate.

**IV.  Analysis**

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to provide a remedy for victims of abusive, deceptive, and unfair collection practices by debt collectors.  <u>Lesher v.</u>

Law Officers of Mitchell N. Kay, P.C., 650 F.3d 993, 996-97 (3d Cir. 2011).    In particular, Congress sought to eliminate abusive debt collection practices which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed, 225 F.3d 350, 354 (3d Cir. 2000) (citing Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991)).  To this end, Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA.  Caprio v. Healthcare Recovery Group, LLC, 709 F.3d 142, 148 (3d Cir. 2013).  Provisions of the FDCPA therefore must be broadly construed to give full effect to these intentions.  Id.

To provide consumers with "adequate notice" of their rights under § 1692g(a), a debt collector must include the following information in its initial communication to a debtor, or in a communication to be sent within five days after the initial communication:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Paragraphs 3 through 5 of Section 1692g(a) contain the validation notice, which includes "statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so."  Wilson, 225 F.3d at 353-54.  The purpose of the validation notice is to inform a debtor of her rights and obligations to her creditors.[3]  Oppong v. First Union Mortgage Corp., 566 F. Supp. 2d 395, 400 (E.D. Pa. 2008), aff'd 326 F.App'x. 663 (3d Cir. 2009).

District Courts are required to construe a § 1692g validation notice from the perspective of the least sophisticated debtor.  Caprio, 709 F.3d at 148.  The least sophisticated debtor standard is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor."  Wilson, 225 F.3d at 354.  It is designed to protect naïve and even gullible individuals, but does not go so far as "to provide solace to the willfully blind or non-observant."

---

[3] Section 1692g of the FDCPA also provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).  Under this Section, a debt collector must cease all collection efforts when the debtor provides written notice that she disputes the debt or when she requests the name of the original creditor.  The debt collector may only resume collection efforts once it mails to the debtor either the debt verification or creditor's name.  Wilson, 225 F.3d at 354.

Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008).  Rather, the least sophisticated debtor standard works to "prevent[ ] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).  Most importantly, under this standard, the debtor is still expected to read the notice in its entirety.  Caprio, 709 F.3d at 149.

Using the perspective of the least sophisticated debtor, courts pose two questions: (1) whether the form of the debt collection letter "overshadows" the validation notice; or (2) whether the substance of the debt collection letter "contradicts" the validation notice.  Harlan v. Transworld Systems, Inc., No. 13-5882, 2014 WL 1414508, at *5 (E.D. Pa. Apr. 14, 2014) (citing Caprio, 709 F.3d at 151).  Courts also ask whether anything about the form and substance, taken together, are inconsistent with the validation notice requirement.  Id.  "Whether language in a collection letter contradicts or overshadows the validation notice is a question of law."  Wilson, 225 F.3d at 353 n.2.

A validation notice is overshadowed or contradicted by other text in the debt collection letter when reading the letter as a whole would make the least sophisticated debtor "uncertain as to her rights" to dispute the debt under the FDCPA.  Id. at 354.  The Third Circuit Court of Appeals has emphasized that the validation notice must be "effectively conveyed" to the debtor.  Id.  The validation notice "must be in print sufficiently large to read, and must be sufficiently prominent."  Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991).  Importantly, the notice must not be overshadowed by accompanying messages from the debt collector.  Hishmeh v. Cabot Collection Systems, LLC, No. 13-4795, 2014 WL 460768, at *5 (E.D. Pa. Feb. 5, 2014). Courts look for "screaming headlines, bright colors, and huge lettering" of other text as evidence

of a deliberate policy to evade the spirit of the FDCPA and to mislead the debtor into disregarding the validation notice. <u>Caprio</u>, 709 F.3d at 154. For example, "a collection letter will not meet the requirements of the Act where the validation notice is printed on the back and the front of the letter does not contain any reference to the notice," or where the validation notice is buried in the text of the letter and bright, large headlines distract the reader from seeing the validation notice. <u>Wilson</u>, 225 F.3d at 354 (citing <u>Graziano</u>, 950 F.2d at 111; <u>Miller</u>, 943 F.2d at 484).

Here, Plaintiff does not contend that the substance of the debt collection letter "contradicts" the validation notice. She does allege, however, that the form of the debt collection letter she received, considered alone, "overshadows" the validation notice. (Doc. No. 30 at 7.) She challenges the physical characteristics of the letter. In particular, she argues that the "font size was too small, the all-capitalized type too hard to read, [and] that the spacing was cramped." (<u>Id.</u> at 6.) She contends that the format of the letter renders it too difficult to read the validation notice. She also alleges that the bolded statement: "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" located near the bottom of the front page draws the reader's attention to the back of the letter, which provides notice of state and local laws, and away from the validation notice on the front page.[4] (<u>Id.</u>) For these reasons, she contends that the least sophisticated debtor would be uncertain of her rights under § 1692g.[5]

---

[4] Plaintiff relies on the Securities and Exchange Commission's (SEC) publication entitled "A Plain English Handbook" as evidence that the form of Defendants' debt collection letter violates the FDCPA. (Doc. No. 30 at 10.) Plaintiff contends that this publication instructs Defendants on the readability of documents, and should be used in this case as an instructive formatting guide. (<u>Id.</u> at 10-12.) However, this argument is unavailing for three reasons. First, the SEC's publication is inapplicable to Defendants' alleged FDCPA violation. "A Plain English Handbook" is published by the SEC to create "clear SEC disclosure documents." It does not apply to debt collection letters, which must follow the requirements of the FDCPA. Second, SEC disclosure documents are often detailed, lengthy documents designed to provide

Conversely, Defendants submit that the validation notice contained in the debt collection letter meets the requirements of § 1692g.  (Doc. No. 29 at 3.)  Defendants assert that the validation notice is not overshadowed by other information on the page and is sufficiently prominent to inform Plaintiff of her rights under the FDCPA.  (Id. at 3-6.)  Specifically, Defendants allege that Financial Recovery Services "included its validation notice on the front of the letter, in the second paragraph of the body of the letter, in a size, font, and color-type face that did nothing to hide the notice, or make it difficult for a least sophisticated debtor to see the notice and understand her rights."  (Id. at 11.)  Defendants argue that, had the debtor read the entirety of the letter's main text, as she was required to do, she would have been fully informed of her right to dispute the debt under the FDCPA.

The parties agree that only the form of the validation notice is in dispute here.  Therefore, the sole question presented is whether the validation notice as written is overshadowed by other text in the letter so as to make Plaintiff uncertain of her rights under the FDCPA.

---

investors with sufficient information to make informed investment decisions.  In contrast, the validation notice is a brief, statutory notice given to inform the debtor of her right to dispute a debt she allegedly owes.  It does not, as Plaintiff contends, compare well with SEC disclosure documents.  Third, the guidelines in "A Plain English Handbook," while commendable, do not change the fact that this Court is bound to follow the standard set by the Third Circuit which requires that a validation notice to be "in print, sufficiently large to read" and "sufficiently prominent."  Graziano, 95 F.2d at 111.

[5] Plaintiff also alleges that the deposition of Brian Bowers, CEO of Financial Recovery Services, evidences an "incentive to obscure or hide the validation rights notice."  (Doc. No. 30 at 12.)  This argument fails for two reasons.  First, the parties are disputing liability in their cross-motions for summary judgment, not damages.  Any motives of Defendants to intentionally hide or obscure the validation notice go to damages, not liability, because the FDCPA is a strict liability statute.  Allen v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).  Second, Mr. Bowers's testimony demonstrates his understanding of § 1692g, and does not show any intent to hide or obscure the validation notice.  Mr. Bowers thoroughly explained what happens when a debtor disputes a debt within the thirty day period.  It does not, as Plaintiff contends, demonstrate a motive to conceal.  Therefore, this Court does not credit Plaintiff's argument regarding Mr. Bowers's testimony.

Precedent is instructive in analyzing whether the form of the letter, considered alone, violates § 1692g.  The Third Circuit Court of Appeals has held that "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor."  Wilson, 225 F.3d at 354.  The validation notice "must be in print sufficiently large to read, and must be sufficiently prominent." Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991).  For example, in Jarzyna v. Home Properties, the district court held that the validation notice met the requirements of § 1692g because it was "clearly printed on the front on the form, in the middle of the page, and in a font that appears as big as, if not slightly bigger than, the text in the body of the letter."  114 F. Supp. 2d 243, 260 (E.D. Pa. 2015).

In addition, the notice must not be overshadowed by accompanying messages from the debt collector.  Compare Hishmeh, 2014 WL 460768, at *5 (noting that the validation notice was "dwarfed by two other statements that are in much larger type and bolded" causing overshadowing); with Jarzyna, 114 F. Supp. 2d at 260 (explaining that the direction to "see the reverse side" is located below the validation notice and, "although it is capitalized, it does not appear to be in appreciably larger font than the notice," therefore this direction was not violative of § 1692g).  When "screaming headlines, bright colors, and huge lettering" are absent from the debt collection letter, and nothing in the letter distracts the reader from seeing the validation notice, the reader has a full and fair opportunity to inform herself of her rights under the FDCPA. Caprio, 709 F.3d at 154.

A further discussion of the Third Circuit's seminal validation notice cases—Graziano, Caprio, and Wilson—is instructive on the question of form.  In Graziano, a debt collector sent the plaintiff a collection notice that, on the first page, "threatened legal action within ten days

unless the debt was resolved in that time." 950 F.2d at 109. At the bottom of the first page, the letter noted, "See reverse side for information regarding your legal status!" Id. Once the reader turned the collection letter to the reverse side, he would see the validation notice as required under § 1692g. Id. The Third Circuit explained that "the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." Id. Therefore, the court concluded that a notice of validation rights is not effectively conveyed to the debtor when it is presented on the back page of the letter and received in conjunction with a contradictory demand.

Similarly, in Caprio, the Third Circuit found that the validation notice at issue in that case was overshadowed by other text appearing on the letter. 709 F.3d at 154. In particular, the court concluded that the "please call" language, which was bolded and on the first page of the letter, overshadowed the validation notice printed on the back page. Id. at 152. The Third Circuit explained that:

> With respect to the "form" of HRRG's Collection Letter, we observe that even more attention was then drawn to this deficient alternative because both the words "please call" and the toll-free telephone number itself were printed in bold. This telephone number appeared again in the letterhead at the top of the Collection Letter in an even larger font. In contrast, no such bold print was used in either the phrase "write us at the above address" or in the Validation Notice. Likewise, HRRG's mailing address only appeared in the letterhead, where it was actually printed in a smaller font than HRRG's toll-free telephone number. We also note that—unlike the "please call" language—the required Validation Notice was relegated to the back side of the Collection Letter. Especially given these circumstances, it appears more likely that the "least sophisticated debtor" would take the easier—but legally ineffective—alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute.

Id. at 151-52. The Third Circuit emphasized again that placement of the validation notice on the back of the letter, coupled with the bright, bold font directing the reader to "please call" placed

on the front of the letter, overshadowed and contradicted the non-bolded, smaller notice on the back page.

In <u>Wilson</u>, the Third Circuit reached the opposite conclusion, finding that the validation notice at issue satisfied the requirements of § 1692g.[6]  225 F.3d at 354.  There, the collection letter contained three full paragraphs on the first page, each "printed in the same font, size and color type-face."  <u>Id.</u> at 352.  The first paragraph read: "Our client has placed your account with us for immediate collection.  We shall afford you the opportunity to pay this bill immediately and avoid further action."  <u>Id.</u>  The second paragraph stated: "To insure immediate credit to your account, make your check or money order payable to HRI.  Be sure to include the top portion of this statement and place your account number on your remittance."  <u>Id.</u>  The third paragraph contained the validation notice.  <u>Id.</u>  Noting that "the debt collection letter here presents a close question," the Third Circuit held that it "did not violate section 1692g of the Act for the reason that the first two paragraphs of the collection letter neither overshadow nor contradict the validation notice."  <u>Id.</u> at 356.  The Third Circuit supported its conclusion by explaining:

> First of all, upon review of the physical characteristics and form of the letter, we have concluded that the first two paragraphs of the letter do not overshadow the validation notice.  The validation notice was presented in the same font, size and color type-face as the first two paragraphs of the letter.  Moreover, the required notice was set forth on the front page of the letter immediately following the two paragraphs that Wilson contends overshadow and contradict the validation notice.  Accordingly, Wilson's overshadowing claim must fail.

<u>Id.</u> at 356.  The <u>Wilson</u> court explained that, when the validation notice appears on the front of the letter, in the same font, size, and color-type face as the other paragraphs, and when no other headlines distract the reader from seeing the validation notice, such notice is not overshadowed by other text in the letter.

---

[6]  The debt collection letter at issue in <u>Wilson</u> is attached to this Opinion as Exhibit B.

After closely examining the collection letter in the instant case, the Court finds that it falls much closer to Wilson's letter than to Graziano's or Caprio's.  Like Wilson, the validation notice is printed on the front of the letter, in the middle of the page, and in a font the same size as the remaining text.  In fact, it is the second full paragraph of the collection letter.  Unlike Graziano and Caprio, there are no bright headlines, disparate spacing, or large bolded text which distracts the reader from seeing the validation notice. The same-sized text informing the reader to "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" appears at the bottom of the front page, albeit in bolded font, and is logically placed to instruct the reader that more information appears on the back of the letter.  It does not, as Plaintiff contends, distract the recipient of the letter from reading the information contained on the front page, including the validation notice.   An objective, least sophisticated debtor, tasked with reading the letter in its entirety, would read the validation notice in the second full paragraph of text on the front page and be placed on notice of her right to dispute the debt.

Finally, in Ardino v. Financial Recovery Services, Inc., a district court decision, a substantially similar letter sent by Defendants in this case was disputed.[7]  No. 11-6520, 2012 WL 2036817, at *3 (D.N.J. June 6, 2012).  There, the validation notice was printed on the front page in all capital letters and was the third full paragraph of text.  Id.  The district court found that the validation notice satisfied the requirements of § 1692g.  Id.

Based upon the above precedent, the validation notice at issue in this instant case was not overshadowed by other text in the debt collection letter.  The validation notice was featured on the front page of the letter, as the second full paragraph of text.  There

---

[7]  The debt collection letter at issue in Ardino is attached to this Opinion as Exhibit C.

were no headlines or bold text which would have distracted a reader from reading the validation notice.  The form or physical characteristics of the collection letter at issue here did not overshadow the validation notice.

**V.  Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. No. 29) will be granted, and Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 31) will be denied.  An appropriate Order follows.

# Exhibit A

DEPT 813    8874679315013
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
**Minneapolis, MN  55438-5908**
1-877-902-5064

CURRENT CREDITOR: LVNV FUNDING LLC
ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.
REGARDING: MHC RECEIVABLES, LLC
ACCOUNT NUMBER: XXXXXXXXXXXX9706
DATE OF LAST PAYMENT: 02/24/09
CHARGE-OFF DATE: 10/23/09

RETURN SERVICE REQUESTED

January 15, 2015

ALEXANDRA JEWSEVSKYJ
4743 WORTH ST
PHILADELPHIA PA 19124-2813



**BALANCE ITEMIZATION**
PRINCIPAL BALANCE: $558.34
INTEREST BALANCE: $569.66
BALANCE DUE: $1128.00
FRS FILE NUMBER: ██V429
ON-LINE PIN NUMBER: ██3192
(Used to access and view your file on  WWW.FIN-REC.COM)

PLEASE BE ADVISED THAT LVNV FUNDING LLC THE CURRENT CREDITOR-DEBT PURCHASER HAS PURCHASED THE ACCOUNT REFERENCED ABOVE AND IT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION. AS OF THE DATE OF THIS LETTER, YOU OWE $1128.00. BECAUSE OF INTEREST THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THE OPPORTUNITIES LISTED ABOVE DO NOT AFFECT YOUR RIGHTS DESCRIBED BELOW.
WE ARE AUTHORIZED TO OFFER YOU THE OPPORTUNITIES LISTED BELOW:
1.   (  ) MY ACCOUNT WILL BE PAID IN FULL BY A ONE-TIME PAYMENT EQUAL TO THE BALANCE; OR
2.   (  ) MY ACCOUNT WILL BE SETTLED IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO 40.00% OF THE ABOVE REFERENCED BALANCE IN THE
          AMOUNT OF $451.20; OR
3.   (  ) MY ACCOUNT WILL BE SETTLED IN FULL BY THREE EQUAL CONSECUTIVE MONTHLY PAYMENTS EQUIVALENT TO 50.00% OF THE ABOVE
          REFERENCED BALANCE FOR A TOTAL REPAYMENT OF $564.00; OR
4.   (  ) I WILL MAKE A MONTHLY PAYMENT THAT IS AFFORDABLE TO ME AT THIS TIME AS FOLLOWS, I WILL PAY $_____ MONTHLY UNTIL MY ACCOUNT
          IS PAID IN FULL OR ANOTHER AGREEMENT IS NEGOTIATED. PAYMENTS WILL BE SENT ON OR BEFORE THE _____ OF EACH MONTH.
PLEASE MARK YOUR CHOICE WITH AN "X" IN THE SPACE PROVIDED AND FORWARD WITH YOUR PAYMENT TO THE ADDRESS LISTED BELOW. YOU MAY CONTACT THE REPRESENTATIVE LISTED BELOW WITH ANY QUESTIONS. WE ARE NOT OBLIGATED TO RENEW OFFERS 2 THROUGH 4 ABOVE. FOR OFFERS 2 AND 3 ABOVE, WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL FOR LESS THAN THE FULL BALANCE AND YOU WILL BE RELEASED OF ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT(S). WE RECOMMEND THAT YOU CONSULT INDEPENDENT TAX COUNSEL OF YOUR OWN CHOOSING IF YOU DESIRE ADVICE ABOUT ANY TAX CONSEQUENCES WHICH MAY RESULT FROM THIS SETTLEMENT.
PLEASE FEEL FREE TO CALL US AT THE TOLL-FREE NUMBER LISTED BELOW. FRS NOW ACCEPTS SOME FORMS OF PAYMENT ONLINE AT WWW.FIN-REC.COM.
SINCERELY,
DAN JAMBOR
ACCOUNT MANAGER
TOLL FREE: 1-877-902-5064
            THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
                              THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                         SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
            Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***
NOTE:  ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

Amount Enclosed: _____

Home Phone: _____

Work Phone: _____

ALEXANDRA JEWSEVSKYJ
4743 WORTH ST
PHILADELPHIA, PA 19124-2813

PLEASE CHECK YOUR PAYMENT OPTION BELOW:
(  ) PAID IN FULL -- $1128.00
(  ) SETTLED IN FULL -- $451.20
(  ) SETTLED IN 3 EQUAL PAYMENTS
      TOTALING -- $564.00
(  ) MONTHLY PAYMENT PLAN OF:
      $_____ BY _____ OF EACH MONTH

**TOTAL BALANCE DUE: $1128.00**

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN  55438-5908

FRS File#: ██V429

TOLL FREE: 1-877-902-5064

FRS092-0114-552309115-02914-2914

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca

COLORADO OFFICE LOCATION: 27 NORTH WILLERUP, SUITE B, MONTROSE, CO 81401
LOCAL PHONE: 970-249-7514 TOLL-FREE PHONE: 1-866-436-4766

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 A.M. AND 5 P.M. CST, AT THE NUMBER LISTED ON THE FRONT OF THIS NOTICE. MASSACHUSETTS RESIDENT OFFICE ADDRESS IS: 5230 WASHINGTON ST, WEST ROXBURY, MA 02132 WITH OFFICE HOURS: M-TH 10AM-3PM.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance permit number: 3917.

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 385908, Minneapolis, MN 55438-5908, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CST Monday-Friday.

Federal Law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

The Federal Trade Commission (FTC) and the Consumer Financial Protection Bureau (CFPB) enforces the Fair Debt Collection Practices Act (FDCPA). If you have an unresolved complaint about the way we are collecting your debt, please contact the ftc online at www.ftc.gov., by phone at 1-877-ftc-help; or by mail at 600 Pennsylvania Ave NW, Washington, DC 20580. You can reach the CFPB online at www.consumerfinance.gov or by phone at (855) 411-CFPB (2372).

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

# Exhibit B

```
16356559                              09/01/98
QUADRAMED                             ROBERT WOOD JOHNSON UNIV
PO BOX 595                            DATE OF SERVICE: 06/19/96
HOWELL, NJ 07731                      BALANCE DUE: $1,102.45
FORWARD & ADDRESS CORRECTION          CLIENT ACCT#: 021844790
                                      AMOUNT ENCLOSED _____
```

```
                              QUADRAMED
                              CN 4853
                              TRENTON, NJ 08650-4853
     GEORGE WILSON
     353 EAST 83RD STREET
     APT 17-C
     NEW YORK, NY 10020-0000
```

THIS IS AN ATTEMPT TO COLLECT A
DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

09/01/98

```
QUADRAMED
ACCT #: 16356559
CLIENT: ROBERT WOOD JOHNSON UNIV HOS
FOR: WILSON, GEORGE
DATE OF SERVICE: 06/19/96
BALANCE DUE: $1,102.45
```

Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you.

To insure immediate credit to your account, make your check or money order payable to HRI. Be sure to include the top portion of this statement and place your account number on your remittance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement of verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

```
                    VIVIAN SINNS
                    Accounts Representative
                    TEL. (732)886-0700
```

1

# Exhibit C

07/02/2011 08:29 FAX
Case 2:11-cv-06520-WJM-MF Document 1 Filed 11/04/11 Page 13 of 13 PageID: 13

@002

DEPT 813    8000058611068
PO BOX 4115
CONCORD CA 94524

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-866-415-2398

Return Service Requested

June 18, 2011

JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

CLIENT: DELL FINANCIAL SERVICES, 001-TERT
CURRENT CREDITOR: DELL FINANCIAL SERVICES L.L.C.
REGARDING: DELL FINANCIAL SERVICES L.L.C.
ACCOUNT NUMBER: XXXXXXXXXXXXXX0994
BALANCE: $2854.04

******INITIAL NOTIFICATION******

THE ACCOUNT(S) LISTED ABOVE HAVE BEEN ASSIGNED TO THIS AGENCY FOR COLLECTION. WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED AS A BASIS TO ENFORCE COLLECTION OF THIS DEBT.

YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTION AGENCY LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

SINCERELY,

JAMIE VANHALL
ACCOUNT MANAGER
TOLL FREE: 1-866-415-2398

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 6pm; Saturday 7am to noon.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

AMOUNT ENCLOSED:_____

HOME PHONE:_____

WORK PHONE:_____

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN 55438-5908

TOTAL BALANCE DUE: $2854.04

FRS File#: _____1

TOLL FREE: 1-866-415-2398
JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

EXHIBIT

FRS-6
2-14-16 mat





EXHIBIT
1